**CONSEJO DE SALUD PLAYA DE PONCE, et al., Plaintiffs**

v.

**SECRETARY OF HEALTH OF the Commonwealth of PUERTO RICO, et al., Defendants.**

**Civil No. 06–1260 (GAG).**

United States District Court, D. Puerto Rico.

April 14, 2010.

---

Court does not consider Landron–Class's arguments regarding the course of plea agreement negotiations.

Agustin Diaz–Garcia, Ponce, PR, Ignacio Fernandez–De–Lahongrais, Fernandez & Alcaraz, PSC, San Juan, PR, Lourdes Martinez–Jimenez, Bufete Martinez–Jimenez PSC, Bayamon, PR, Phv James L. Feldesman, Phv Robert A. Graham, Phv Nicole M. Bacon, Feldesman, Tucker, Leif-

er, Fidell LLP, Washington, DC, for Plaintiffs.

Eliezer Alberto Aldarondo–Lopez, Eliezer Aldarondo–Ortiz, Sheila J. Torres–Delgado, Marla Nikole Hadad, Aldarondo & Lopez Bras, Eileen Landron–Guardiola, Landron & Vera LLP, Guaynabo, PR, Jose M. Pizarro–Zayas, United States Attorneys Office, District of Puerto Rico, Elfrick Mendez–Morales, Mendez & Mendez, San Juan, PR, for Defendants.

Gregorio Igartua–De–La–Rosa, Igartua Law Office, Aguadilla, PR, pro se.

Nelson Rochet, San Juan, PR, pro se.

### ORDER

GUSTAVO A. GELPÍ, District Judge.

The Commonwealth of Puerto Rico, as well as plaintiff Consejo de Salud Playa de Ponce, have both moved to withdraw their constitutional challenges to the Medicaid Wraparound statute, 42 U.S.C. § 1396a(b), as applied to Puerto Rico, and the Medicaid territorial cap, 42 U.S.C. § 1308. (*See* Docket Nos. 562 and 567).

The parties do not move to vacate the Court's earlier ruling to the effect that the United States Constitutional guarantees apply fully to the Commonwealth, following more than a century of gradual, yet significant, incorporation of the island and its citizenry into the American Nation. *See Consejo de Salud Playa de Ponce v. Rullán,* 586 F.Supp.2d 22 (D.P.R.2008) (Opinion and Order of November 10, 2009); 593 F.Supp.2d 386 (D.P.R.2009) (Opinion and Order of January 13, 2009).[1] Cf. *United States v. Laboy–Torres,* 553 F.3d 715, 721 (3d Cir.2009) (O'Connor, J., re-

---

1. The Court notes that following the November, 2008 general election in the Commonwealth, a new administration came into power. Nonetheless, it was the previous administration that made the argument that the *Insular Cases* doctrine no longer applied to the island, following the enactment of the Commonwealth status and subsequent judicial recognition of autonomy similar to that of the states. *See Defendant's Opposition to Plaintiffs' Motion for Renewed Preliminary Injunction* (Docket No. 133 at 24–26).

tired) ("[i]t is not surprising that although Puerto Rico is not a state in the federal Union, it seems to have become a state within a common and accepted meaning of the word").

The parties further do not contest the applicability of the Spending Clause, U.S. Const. Art. I § 8, cl. 1, to Puerto Rico. *See, e.g., Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 128 (1st Cir.2003) (applying Spending Clause to Puerto Rico in instances where the Commonwealth accepts federal funds).

The parties, nonetheless, agree that the recent enactment of the American Recovery and Reinvestment Act of 2009, Public Law 111–5, 123 Stat. 115, and the Health Care and Education Reconciliation Act of 2010, Pub.L. 111–152 124 Stat. 1040, favorably alter the congressional treatment of the Commonwealth under the Medicaid Statute. In light of said changed scenario, the Commonwealth, in particular, understands that "it is not in the best interest of its constituents to further pursue the constitutional challenges under such circumstances". (*See* Docket No. 567 at 2.)

Given the Commonwealth's valid and understandable decision not to further pursue the constitutional claims presented under the previous Medicaid scheme, the court shall not decide in this case and at this time, whether the Medicaid wraparound statute and territorial cap violates the Spending Clause. To do otherwise would amount to issuing an advisory opinion. Accordingly, the Attorney General of the United States will not have to defend the federal statutes at hand.

Finally, the court notes that the Commonwealth posits that the "recent [federal] legislation continues to discriminate against the Commonwealth" (Docket No. 567 at 2.) While this may perhaps be true, this matter is also not before this court and, therefore, is not ripe for adjudication at this time.

SO ORDERED.